# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

2013 MAR 18 AM 10: 38
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68069-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MARY ANDERSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 18, 2013 |

SPEARMAN, A.C.J. — A law enforcement officer's request for identification from an automobile passenger is a constitutionally permissible seizure if the passenger has committed a traffic infraction. If the passenger is of an age likely to possess identification documents but denies having any, the permissible scope of the seizure is not exceeded by detention for the limited purpose of establishing the passenger's identity.

In this case, Mary Anderson denied ever possessing an identification card after being discovered with an open beer container at her feet in the passenger seat of a car. Given she appeared to be old enough to drive, the officer's follow up questions regarding her identification were proper, and the trial court did not err by

declining to suppress all evidence acquired after Anderson admitted her identity. We therefore affirm Anderson's conviction for possession of cocaine.

## FACTS

After learning that the registered owner of a silver Nissan Maxima had a suspended license, and that an arrest warrant existed for a person who had previously been seen in the Maxima, Seattle Police Officer Earnest DeBella pulled the car over. When the car stopped, DeBella approached on the passenger side in order to avoid being struck by passing cars. Mary Anderson was in the front passenger seat and the registered owner, "Mr. Braxton," was in the driver's seat. DeBella saw two open 22-ounce cans of beer standing upright on the floorboard of the car; one between Anderson's feet and the other between Braxton's feet.

DeBella asked Anderson and Braxton for identification, and Anderson stated that she had none. DeBella then asked Anderson if she had ever had a Washington state driver's license or identification (I.D.) card, and Anderson again replied "no." Verbatim Report of Proceedings (VRP) (11/21/11) at 7. DeBella asked Anderson if she had ever in her life had a driver's license or I.D. card issued to her in any state, and Anderson again replied "no." VRP (11/21/11) at 7-8. DeBella testified at the CrR 3.6 hearing that, based on his experience, when a person who is old enough to drive[1] denies ever having had an I.D. card, he is suspicious that the person is trying to conceal his or her identity. DeBella informed Anderson he found it suspicious that she claimed to have never had an I.D. card anywhere, at which point Anderson

---

[1] Anderson was born in 1959.

produced an I.D. card and admitted that she had a warrant out for her arrest. Anderson also admitted that she was carrying a knife. When DeBella had Anderson get out of the car to pat her down for weapons, he saw her place what appeared to be crack cocaine on the center console.

The State charged Anderson with violation of the Uniform Controlled Substances Act: possession of cocaine. Anderson moved to suppress the cocaine as the result of an unlawful seizure, and the trial court denied the motion. A jury found Anderson guilty as charged. Anderson appeals.

## DISCUSSION

Anderson argues that Officer DeBella's requests for identification amounted to an unconstitutional seizure, and that the trial court therefore should have suppressed the cocaine discovered after she identified herself. We disagree.

Warrantless seizures are presumptively unconstitutional under article 1, section 7 of the Washington State Constitution and the Fourth Amendment to the United States Constitution. State v. Garcia-Salgado, 170 Wn.2d 176, 184, 240 P.3d 153 (2010). An exception exists, however, for investigative stops, which are lawful when based upon "'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion.'" State v. Kennedy, 107 Wn.2d 1, 5, 726 P.2d 445 (1986) (quoting Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

The exception set forth in Terry applies to stops incident to traffic violations. State v. Duncan, 146 Wn.2d 166, 173-74, 43 P.3d 513 (2002). Although in general, an

3

automobile passenger is impermissibly seized under article I, section 7 of the Washington State Constitution when an officer requests identification, such requests are permissible if "'other circumstances give the police independent cause to question [the] passengers.'" State v. Rankin, 151 Wn.2d 689, 695, 92 P.3d 202, 205 (2004) (quoting State v. Larson, 93 Wn.2d 638, 642, 611 P.2d 771 (1980)).

Such circumstances existed here. Under RCW 46.61.519(2), "[i]t is a traffic infraction for a person to have in his or her possession while in a motor vehicle upon a highway, a bottle, can, or other receptacle containing an alcoholic beverage if the container has been opened or a seal broken or the contents partially removed." Additionally, RCW 46.61.021(2) states that "[w]henever any person is stopped for a traffic infraction, the officer may detain that person for a reasonable period of time necessary to identify the person, check for outstanding warrants, check the status of the person's license, insurance identification card, and the vehicle's registration, and complete and issue a notice of traffic infraction." Furthermore, "[a]ny person requested to identify himself or herself to a law enforcement officer pursuant to an investigation of a traffic infraction has a duty to identify himself or herself and give his or her current address," RCW 46.61.021(3), and "[a]ny person who wilfully fails . . . to comply with RCW 46.61.021(3), is guilty of a misdemeanor." RCW 46.61.022. In light of the open can of beer at Anderson's feet, Officer DeBella had independent cause to question Anderson, and she was not unconstitutionally seized when he asked her for identification.

4

Anderson contends, however, that DeBella's multiple requests for identification exceeded the scope of any investigative seizure. Anderson cites no authority for this proposition, and instead simply asserts that the scope of the seizure, i.e., asking follow up questions about identification, was not reasonable. We disagree. The facts in this case are similar to those in State v. Chelly, 94 Wn. App 254, 970 P.2d 376 (1999). In that case, officers stopped the driver of a car for a traffic infraction. Two passengers were not wearing seatbelts, which also is a traffic infraction. Chelly, 94 Wn. App. at 259-60. The officer asked for identification from one of the passengers, Martinez. When Martinez stated he had no identification, the officer asked if he had ever possessed identification. Id. at 256. Martinez responded that he had not. Id. At that point, the officer asked Martinez to step out of the car to question him privately, away from the other people in the car. Id. at 256-57. We held that the officers' detention of Martinez while he was being identified was not an unconstitutional seizure:

> Noticing that the passengers were not wearing safety belts, Officer Thacker had the authority to detain them for a reasonable period of time necessary to identify them. The legitimate scope of the stop properly expanded at that point beyond a stop only for the initial traffic infraction, the inoperative brake light. Pursuant to the statute, RCW 46.61.021(3), the passengers had a duty to identify themselves to Officer Thacker. Any person who wilfully fails to fulfill this statutory duty to identify himself or herself when requested to do so as part of an investigation of a traffic infraction is guilty of a misdemeanor. When Martinez told Officer Thacker that he did not have, and had never possessed, identification, Officer Thacker suspected, based on the circumstances including his 15 years of experience as a police officer and Martinez's age and demeanor, that Martinez was trying to hide his identity and would likely provide a false name. Under the totality of the circumstances, the specific and articulable facts taken together with rational inferences from those facts, we find Officer Thacker's detention of Martinez for a

reasonable time for the purpose of ascertaining his true identity was warranted.

Id. at 260-61 (footnotes omitted).

In sum, under Chelley, Officer DeBella's multiple requests for identification from Anderson did not exceed the scope of any investigative seizure, and the trial court did not err by declining to suppress all evidence acquired after Anderson admitted her identity.

Affirmed.

WE CONCUR:

6